**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
RAUL RIVERA,

Plaintiff,

-against-

26 **CIVIL** 6497 (KPF)

# JUDGMENT

WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General,

Defendants.
--------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated August 18, 2026, and for the reasons stated on the record at the August 18, 2026 conference, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. The Court ORDERS that, **within fourteen days of the Order**, an Immigration Judge shall hold a bond hearing where the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or flight risk. In determining whether to grant bond, the Immigration Judge shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the Immigration Judge shall consider Petitioner's ability to pay. The Immigration Judge shall also follow the Second Circuit's binding precedent as articulated in *Barbosa da Cunha* v. *Freden*, 175 F.4th 61 (2d Cir. 2026). Within 72 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the bond hearing. It shall also promptly order a transcript or

recording of the hearing and file such on the docket. *See A.P.C.* v. *Genalo*, No. 26 Civ. 5827 (KPF), 2026 WL 2323423, at *2 (S.D.N.Y. Aug. 11, 2026) (ordering similar); *Rivas Reyes* v. *Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *2 (S.D.N.Y. June 12, 2026) (ordering similar); *Reyes* v. *King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *7 (S.D.N.Y. Aug. 20, 2021) ("Numerous district courts in the Second Circuit, including this Court, have consistently … h[e]ld that where, as here, the Government seeks to detain a noncitizen pending removal pursuant to § 1226(a), the Fifth Amendment Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that such detention is justified." (alterations, internal quotation marks, and citation omitted)).

**Dated:** New York, New York
August 19, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**